UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

ANTONIO GARCIA,

    Plaintiff,

v.                                                                                Civ. No. 21-488 MIS/GJF

KILOLO KIJAKAZI, *Acting Commissioner*
*of the Social Security Administration*,

    Defendant.

**PROPOSED FINDINGS AND**
**RECOMMENDED DISPOSITION**

THIS MATTER is before the Court upon Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1). ECF 19. The Motion is fully briefed.[1] The Motion requests that the Court dismiss Plaintiff's pro se Complaint with prejudice because (1) the Complaint was filed outside of the statute of limitations and (2) "Plaintiff presents no equitable basis for tolling the statute of limitations." *Id.* at 1-6.

The Court recommends dismissing Plaintiff's Complaint and this case for the following reasons:

(1) Plaintiff has consented to such a course of action. D.N.M.LR-Civ. 7.1(b).

(2) Plaintiff's suit was filed on May 27, 2021, over two months after the applicable statute of limitations.[2]

---

[1] It has been over three weeks since Defendant's Motion was filed, and Plaintiff has failed to respond. *See* D.N.M.LR-Civ. 7.4(a) (providing that "[a] response must be served and filed within fourteen (14) calendar days after service of the motion"), 7.1(b) (providing that "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion"); *see also* ECF 20 (the Court notifying Plaintiff that he (1) had until February 4, 2022, to respond to Defendant's Motion, given that he was served by mail and thus given an additional three days to respond, and (2) was required to "follow the same rules of procedure that govern other litigants" (quotation and citations omitted)).

[2] *See* 42 U.S.C. §§ 405(g)-(h) (providing for (1) a 60-day statute of limitations for the commencement of a civil action under Titles II and XVI of the Social Security Act—with the 60-day period beginning when the "final decision of the

(3) Plaintiff has not shown that he is "entitled to equitable-tolling of [the] statute of limitations."[3]

**IT IS THEREFORE RECOMMENDED** that Defendant's Motion [ECF 19] be **GRANTED IN PART** in that Plaintiff's Complaint [ECF 1] and this case be **DISMISSED WITHOUT PREJUDICE**.[4]

**SO RECOMMENDED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1)(c). Any request for an extension must be filed in writing no later than seven days from the date of this filing. **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed**.

---

Commissioner of Social Security" is mailed—and (2) an extension of this 60-day period by "such further time as the Commissioner of Social Security may allow"); *Bowen v. City of New York*, 476 U.S. 467, 479 (1986) (observing that this "60-day limit is a statute of limitations" and, as "a condition on the waiver of sovereign immunity," this limit "must be strictly construed"); *see also* ECFs 19 at 2, 19-1 at 4 (showing, with references to attached exhibits, that Defendant provided Plaintiff an extension until "on or before Monday, March 8, 2021," to file a civil action—an extension of over nine months *beyond* the initial sixty-day period of March 30, 2020 to May 29, 2020).

[3] *Menominee Indian Tribe v. United States*, 577 U.S. 250, 255 (2016) (observing that "a litigant is entitled to equitable-tolling of a statute of limitations only if the litigant establishes two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing"—and "reaffirm[ing] that the second prong of [this] test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control" (emphasis in original) (quotation omitted)); *see* Compl. [ECF 1] (containing no reference to, or factual assertions plausibly suggesting, an entitlement to equitable tolling).

[4] Although Defendant requests that the Court dismiss Plaintiff's Complaint *with* prejudice, the Court recommends dismissing the Complaint *without* prejudice.